**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA FOR THE USE OF CULLION EXCAVATING CORP.,<br><br>Plaintiff,<br><br>v.<br><br>WHITE & CARR, INC. AND THE HANOVER INSURANCE COMPANY,<br><br>Defendant | CIVIL ACTION NO. 06-341S<br><br>JURY TRIAL DEMANDED |

**DEFENDANT HANOVER INSURANCE COMPANY'S**
**<u>ANSWER AND AFFIRMATIVE DEFENSES</u>**

Defendant The Hanover Insurance Company ("Hanover") hereby responds to the Complaint as follows:

1. Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 1. Upon information and belief, Hanover admits the allegations contained in the second sentence of Paragraph 1.

2. Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 2. Upon information and belief, Hanover admits the remaining allegations contained in Paragraph 2.

3. Hanover denies the allegations contained in the first sentence of Paragraph 3. Hanover admits the allegations contained in the second sentence of Paragraph 3.

4. Paragraph 4 sets forth a legal conclusion to which no answer is required. To the extent that Paragraph 4 makes factual allegations, Hanover is without knowledge or information sufficient to form a belief as to the truth of such allegations.

5. Paragraph 5 sets forth a legal conclusion to which no answer is required. To the extent that Paragraph 5 makes factual allegations, Hanover is without knowledge or information sufficient to form a belief as to the truth of such allegations.

6. Hanover admits that White & Carr, Inc. ("White") entered into a contract with the United States Department of the Interior for the construction of a visitors facility at the Rhode Island National Wildlife Refuge Complex in Charlestown, Rhode Island (the "Project"). Further answering, Hanover states that the contract is a written document that speaks for itself and that Hanover denies the remaining allegations in Paragraph 6 to the extent that they contradict, misstate, mischaracterize or otherwise go beyond the language and terms of the contract.

7. Hanover admits the allegations contained in Paragraph 7, except that the first clause of the second sentence sets forth a legal conclusion to which no answer is required; to the extent that such clause makes factual allegations, Hanover is without knowledge or information sufficient to form a belief as to the truth of such allegations. Further answering, Hanover states that the payment bond referenced in Paragraph 7 is a written document that speaks for itself, and Hanover denies the allegations set forth in Paragraph 7 to the extent that they contradict, misstate, mischaracterize or otherwise go beyond the language and terms of the bond.

8. Hanover admits that Cullion Excavating Corp. ("Cullion") entered into a subcontract with White in connection with the Project. Hanover states that the contract speaks for itself, and Hanover denies the allegations set forth in Paragraph 8 to the extent that they contradict, misstate, mischaracterize or otherwise go beyond the language and terms of the contract.

9. Hanover denies the allegations contained in Paragraph 9.

10. Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11. Hanover denies the allegations contained in Paragraph 11.

12. Hanover denies the allegations contained in Paragraph 12.

13. Hanover denies the allegations contained in Paragraph 13.

14. Hanover admits only that a period of more than ninety days has elapsed since the date Cullion last provided labor and/or materials on the Project pursuant to Cullion's subcontract with White. Hanover denies the remaining allegations in Paragraph 14.

The Paragraph following Paragraph 14 of the Complaint is a demand for judgment to which no response is required. To the extent that this Paragraph makes factual allegations, Hanover denies those allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint against Hanover fails to state a claim upon which relief may be granted and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

The claims asserted against Hanover are barred or limited because Cullion breached its subcontract with White.

### THIRD AFFIRMATIVE DEFENSE

The claims asserted against Hanover may be barred or limited by the failure of Cullion to comply with the terms and provisions of its subcontract with White for preserving and/or asserting such claims.

**FOURTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint may be barred because of the failure of Cullion to comply with the terms and requirements of the payment bond.

**FIFTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint may be barred by the doctrines of waiver and/or estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint may be barred because the damages Cullion seeks to recover may have been caused, in whole or in part, by Cullion's own acts and/or omissions.

**SEVENTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint may be barred to the extent that Cullion seeks to recover for work Cullion performed for the owner of the Project (as opposed to work performed for White).

**EIGHT AFFIRMATIVE DEFENSE**

The claims asserted in the Complaint may be barred because of the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

The Complaint may be barred as a result of the prejudice to Hanover resulting from the untimely notification of Cullion's claim against the payment bond.

**TENTH AFFIRMATIVE DEFENSE**

The claims asserted in the Complaint may be barred because of the doctrine of unclean hands.

**ELEVENTH AFFIRMATIVE DEFENSE**

Cullion has failed to satisfy the conditions precedent as set forth in the payment bond.

**TWELFTH AFFIRMATIVE DEFENSE**

Cullion may have failed to satisfy the conditions precedent as set forth in the bonded contract.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Cullion's action is time barred, as it failed to bring this action within the applicable statute of limitations.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred to the extent that Cullion seeks to recover for work for which it has already been compensated.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The claims set forth in the Complaint are barred to the extent that Cullion seeks to recover for work for which there is no documentation concerning its authorization or completion.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Hanover incorporates by reference all affirmative defenses asserted or which could have been asserted by its principal, White, in response to this Complaint.

**PRAYER FOR RELIEF**

WHEREFORE, Hanover respectfully requests judgment dismissing the claims against it, with prejudice, and that it be awarded attorney's fees, costs and such other relief as this Court deems just.

**JURY TRIAL DEMAND**

Hanover requests a trial by jury as to all claims asserted against it that are so triable.

THE HANOVER INSURANCE CO.
By Its Attorneys,

/s/ Stephen T. Armato

Stephen T. Armato #6395
Carl E. Fumarola #6980
Bert J. Capone, Mass. BBO #072880
Cetrulo & Capone LLP
The Heritage Building
321 South Main Street
Providence RI, 02903
(401) 274-7850
(401) 274-9670 (fax)
Email: sarmato@cetcap.com
cfumarola@cetcap.com
bcapone@cetcap.com

Dated: September 19, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of September, 2006, I caused a true copy of the above document to be served electronically to Plaintiff's counsel via the CM/ECF system, and it is available for viewing and downloading from the CM/ECF system.

I hereby certify that on the 19th day of September, 2006, I caused a true copy of the above document to be served via first class mail on White & Carr, c/o C. Cole, Esq., 11 Broadway, 11th Floor, New York, NY 10005.

/s/ Stephen T. Armato
Stephen T. Armato