**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| UNITED STATE OF AMERICA FOR THE USE OF CULLION EXCAVATING CORP.<br><br>Plaintiff,<br><br>v.<br><br>WHITE & CARR, INC. and THE HANOVER INSURANCE COMPANY,<br><br>Defendants | CIVIL ACTION NO. 06-341-S |

**MEMORANDUM OF LAW IN SUPPORT OF THE HANOVER INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Defendant The Hanover Insurance Company ("Hanover") submits this Memorandum of Law in Support of Hanover's Motion for Summary Judgment. The plaintiff, United States of America for the Use of Cullion Excavating Corp. ("Cullion"), seeks recovery under the Miller Act, 40 U.S.C. §§ 3131 to 3134, for labor and materials it supplied for a construction project.[1] Hanover now moves for summary judgment in its favor on grounds that the Miller Act's one-year statute of limitations expired prior to the commencement of this action. As discussed below, there are no genuine issues of fact that are material to this issue, and Hanover is entitled to judgment as a matter of law.

**FACTS**

The following summarizes the undisputed facts that are material to this motion. On or about August 7, 2003, defendant White & Carr, Inc. ("White") entered into a contract, number 501813C031, with the U.S. Department of Interior, Fish and Wildlife Service ("U.S. F&W") for the construction and/or improvement of the Administration/Visitor's Facility at the Rhode Island

National Wildlife Refuge Complex in Charlestown, Rhode Island (hereinafter "Prime Contract"). See The Hanover Insurance Company's Statement of Undisputed Fact ("SUF"), at ¶ 2. Pursuant to the Miller Act, White was required to obtain a payment bond for "all persons supplying labor and material in carrying out the work provided for in the [Prime Contract] . . . ." SUF ¶ 3.

On or about August 12, 2003, Hanover, as surety, issued a payment bond, number 1701069 ("Payment Bond"), pursuant to the Miller Act on behalf of White, as principal, for persons "furnishing labor, material or both in the prosecution of the work provided for in the [Prime Contract]." SUF ¶s 4, 5. The Payment Bond clearly identifies that it covers labor/materials performed pursuant to the Prime Contract, contract number 501813C031. Id. Subsequently, White entered into a Subcontract with plaintiff Cullion Excavating Corp. whereby Cullion agreed to perform a certain portion of the work required by the Prime Contract. SUF ¶ 6.

White, Cullion, and other subcontractors furnished labor/materials under the Prime Contract. However, on April 8, 2005, the U.S. F&W terminated the Prime Contract, citing White's "failure to make progress" and failure to provide "payments to [White's] subcontractors for work they have completed." SUF ¶ 7. After the Prime Contract was terminated, the U.S. F&W elected to complete work on the project through its re-procurement process by contracting directly with various subcontractors, including Cullion. SUF ¶ 8. The U.S. F&W's Re-Procurement Contract with Cullion, dated May 3, 2005, is identified by the U.S. F&W as contract number 501815M158. SUF ¶ 8, 9. The Re-Procurement Contract is a separate contract from the Prime Contract, and Hanover did not issue a payment bond for labor/materials furnished under the Re-Procurement Contract. SUF ¶ 9-11. In fact, the Re-Procurement Contract specifically states "[t]his contract is a negotiated agreement based on remaining work

---

[1] The Miller Act provides that suits must be brought "in the name of the United States for the use of the person bringing the action." 40 U.S.C. § 3133(b)(3)(A).

under U.S. Fish and Wildlife Service Contract # 501813C031. The prime contractor (White & Carr, Inc.) has been Terminated for Default." SUF ¶ 10. Accordingly, any work that Cullion did on the U.S. F&W project after the Prime Contract was terminated on April 8, 2005 was pursuant to its Re-Procurement Contract, for which there was no payment bond issued by Hanover.

On April 20, 2005, Cullion provided Hanover with notice of its intent to file a claim under the Payment Bond for payments it should have received from White for its work under the Prime Contract pursuant to its Subcontract with White. SUF ¶ 12. As a result, Hanover and its consultant, GreyHawk North America LLC, conducted an investigation into Cullion's claim and determined that Cullion was owed $13,497.60 under the Payment Bond for its work under the Prime Contract pursuant to its Subcontract with White, and offered this amount to Cullion on December 1, 2005.[2] SUF ¶ 13. Cullion did not accept Hanover's offer and filed the instant Complaint on July 26, 2006, alleging a sole claim pursuant to the Miller Act. SUF ¶ 14.

Hanover now moves for summary judgment on grounds that the Miller Act's one-year statute of limitations for claims under a payment bond expired on April 8, 2006 — one year after Cullion last furnished labor/materials under the bonded contract, which was terminated on April 8, 2005.

## LEGAL STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no

[2] While there may be factual disputes over the amount that Cullion was owed under the Payment Bond, there is no genuine dispute that Hanover/GreyHawk calculated the amount at $13,497.60 and offered this to Cullion in December 2005.

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue is one that reasonably could be resolved in favor of either party, and a material fact is one that affects the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50, 106 S. Ct. 2505 (1986). "The court must draw all reasonable inferences from the assembled facts in the light most hospitable to the nonmovant." Calvi v. Knox County, 470 F.3d 422, 426 (1st Cir. 2006). The non-moving party, however, "may not rest upon the mere allegations or denials of his pleadings" Liberty Lobby, Inc., 477 U.S. at 248. Rather, the non-moving party "must demonstrate, through submissions of evidentiary quality, that a trialworthy issue persists. Factual specificity is required; a conglomeration of conclusory allegations, improbable inferences, and unsupported speculation is insufficient to discharge the nonmovant's burden." DePoutot v. Raffaelly, 424 F.3d 112, 117 (1st Cir. 2005) (internal quotes and citations omitted).

## ARGUMENT

In summary, Cullion's Complaint (filed on July 26, 2006) is untimely because the Miller Act's one-year statute of limitations for claims under a payment bond expired on April 8, 2006, which is one year after Cullion last furnished labor/materials under the bonded contract. The Prime Contract, which was the subject of the Payment Bond, was terminated on April 8, 2005. See supra. Accordingly, the last date on which Cullion last furnished labor/materials for, and for which Cullion is entitled to the benefit of, the Payment Bond was April 8, 2005. Any labor/materials furnished by Cullion after the termination of the Prime Contract was pursuant to a different contract with the U.S. F&W, which is not relevant to the Miller Act claim under the Payment Bond, and does not pertain to or delay the commencement of the limitations period.

The Miller Act requires a general contractor performing a contract valued at over $100,000 on any public construction project to obtain payment and performance bonds for the protection of persons supplying labor and materials in the prosecution of the contract. 40 U.S.C. 3131(b); United States ex rel. GE Supply v. C&G Enterprises, Inc., 212 F.3d 14, 17 (1st Cir. 2000). Persons who have furnished labor and/or materials to such a construction project may file suit to recover from the payment bond any amount owed to them. 40 U.S.C. 3133(b); GE Supply, 212 at 17.

> The Miller Act . . . is highly remedial in nature. It is entitled to a liberal construction and application in order properly to effectuate the Congressional intent to protect those whose labor and materials go into public projects. But such a salutary policy does not justify ignoring plain words of limitation and imposing wholesale liability on payment bonds.

Clifford F. MacEvoy Co. v. United States, 322 U.S. 102, 107 (U.S. 1944) (internal citation omitted).

One such limitation in the Miller Act is its one-year statute of limitations. In pertinent part, the Miller Act provides the following:

> (b) Right to bring a civil action.
> (1) In general. Every person that has furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished under section 3131 of this *title [40 USCS § 3131*] and that has not been paid in full within 90 days after the day on which the person did or performed the last of the labor or furnished or supplied the material for which the claim is made may bring a civil action on the payment bond . . .
> * * *
> (4) Period in which action must be brought. An action brought under this subsection must be brought no later than one year after the day on which the last of the labor was performed or material was supplied by the person bringing the action.

40 U.S.C. § 3133 (emphasis added) (italics and parenthetical in original).

The plain language of the statute indicates that Cullion needed to file suit on or before April 7, 2006 because the last date on which it provided labor/material under the Prime Contract — for which the Payment Bond was underwritten — was April 8, 2005, when the Prime Contract was terminated. Subsequent to termination of the Prime Contract, any work performed by Cullion pursuant to its Re-Procurement Contract with the U.S. F&W was performed under a contract that Hanover's bond did not underwrite. When read together and considered in context, it is clear that the limitations provision begins running from the last day that Cullion "furnished labor or material in carrying out work provided for in a contract for which a payment bond is furnished." 40 U.S.C. § 3133(b)(1),(4) (emphasis added). The explicit terms of the Payment Bond states that it covers labor/materials provided pursuant to contract number 501813C031 (the Prime Contract). After the termination of the Prime Contract, Cullion's work was pursuant to contract number 501815M158 (the Re-Procurement Contract), which was not covered by the Payment Bond.

## CONCLUSION

For these reasons, this Court should grant summary judgment in Hanover's favor. Cullion's Complaint of July 26, 2006 was time barred, as the Miller Act's one-year statute of limitations began running when labor/materials were last furnished under the bonded contract, which was April 8, 2005 when the Prime Contract was terminated.

Hanover requests that this Court enter final judgment as to defendant The Hanover Insurance Company pursuant to Fed. R. Civ. P. 54(b), as there is no just reason for delay.

## REQUEST FOR HEARING

Hanover requests a hearing for oral argument on this matter and estimates that its arguments can be completed in approximately twenty minutes.

Respectfully Submitted,

THE HANOVER INSURANCE COMPANY

By its Attorneys,

/s/ Carl E. Fumarola
Carl E. Fumarola #6980
Cetrulo & Capone LLP
The Heritage Building
321 South Main Street
Providence, RI 02903
Tel: (401) 274-7850
Fax: (401) 274-9670
Email: cfumarola@cetcap.com

Of Counsel:

Bert J. Capone, Esq.
Cetrulo & Capone LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
Tel: 617-217-5500
Fax: 617-217-5200

Dated September 14, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of September 2007, I caused a true copy of the foregoing document to be served by operation of the Court's Electronic Cases Filing ("ECF") System to those individuals designated for electronic service by the ECF System in this case and by first-class mail to the following:

Andrew S. Ullucci # 7233
Christopher C. Whitney #3261
Little Medeiros Kinder Bulman & Whitney, P.C.
72 Pine Street
Providence, Rhode Island 02903
(401) 727-8080
(401) 521-3555 (facsimile)
Email: aullucci@lmkbw.com

White & Carr, Inc.
c/o C. Cole, Esq.
11 Broadway, 11th Floor
New York, NY 10005
(via First Class Mail)

/s/ Carl E. Fumarola
Carl E. Fumarola



869366v2